**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| HEATHER H., INDIVIDUALLY AND ON BEHALF OF MINOR CHILD, P.H., AN INDIVIDUAL WITH A DISABILITY, ET AL., | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:19-CV-00823-RWS |
| v. | § § | |
| NORTHWEST INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Defendant. | § § | |

**<u>ORDER</u>**

Plaintiffs Heather H. and John H., both individually and on behalf of minor child, P.H., an individual with a disability, filed this lawsuit asserting a claim against Northwest Independent School District under the Individuals with Disabilities Education Act ("IDEA").  Docket No. 1.  Plaintiffs and Northwest ISD each moved for judgment on the administrative record regarding the IDEA claim.  Docket Nos. 28, 29.  Plaintiffs also filed an Opposed Motion to Supplement the Administrative Record.  Docket No. 20.  The Magistrate Judge recommends (1) denying without prejudice Plaintiffs' Opposed Motion to Supplement the Administrative Record; (2) denying Plaintiffs' Motion for Judgment on the Administrative Record; (3) granting Northwest ISD's Motion for Judgment on the Administrative Record; and (4) dismissing with prejudice Plaintiffs' claims.  Docket No. 42 ("Report and Recommendation").  Plaintiffs filed objections to the Report and Recommendation.  Docket No. 43.  Northwest ISD filed a response.  Docket No. 44.  The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Plaintiffs filed their Complaint in the Eastern District of Texas on November 13, 2019. Docket No. 1.  Plaintiffs are challenging the Special Education Hearing Officer's ("SEHO") determination that Northwest ISD complied with the IDEA while P.H. was enrolled at Northwest ISD.  *Id.* at 12–13.  Plaintiffs' Motion for Judgment on the Administrative Record asks the Court to reverse the SEHO's decision and reimburse them for the cost of a privately obtained Independent Educational Evaluation ("IEE").  Docket No. 28 at 28.  They also seek an award of attorneys' fees and costs.  Docket No. 1 at 13.  Northwest ISD filed a competing Motion for Judgment on the Administrative Record, asking the Court to affirm the SEHO's decision and dismiss with prejudice Plaintiffs' suit.  Docket No. 29 at 22–23.  Plaintiffs also filed an Opposed Motion to Supplement the Administrative Record, requesting admission of certain documentation for the purpose of attorneys' fees and costs if Plaintiffs prevail.  Docket No. 20.

## REPORT AND RECOMMENDATION

On February 25, 2021, the Magistrate Judge recommended the Court deny Plaintiffs' Motion for Judgment on the Administrative Record and Opposed Motion to Supplement the Administrative Record but grant Northwest ISD's Motion for Judgment on the Administrative Record.  Docket No. 42.  Therein, the Magistrate Judge details how Plaintiffs failed to meet their burden of establishing the SEHO erred.  *Id.* at 22–35.

## OBJECTIONS

After entry of the report, Plaintiffs timely filed objections.  Docket No. 43.  Broadly, Plaintiffs raise four grounds: (1) the Magistrate Judge improperly applied the IDEA standard, excessively deferring to both the SEHO and teachers' "blind assertions"; (2) the Magistrate Judge misuses a statement of law regarding a "better system"; (3) the Magistrate Judge erred by reading

"suspected disability" as not including the "child with a disability" eligibility categories; and (4) the Magistrate Judge incorrectly concluded there was no reason to suspect P.H. might be a student with an emotional disturbance ("ED").  *Id.* at 4–15.

## *DE NOVO* REVIEW

A district court reviews the SEHO's determination "virtually de novo."  *Lisa M. v. Leander Indep. Sch. Dist.*, 924 F.3d 205, 213 (5th Cir. 2019) (quoting *Teague Indep. Sch. Dist. v. Todd L.*, 999 F.2d 127, 131 (5th Cir. 1993)).  This means that "although the district court is to 'give due weight to the hearing officer's findings, the court must ultimately reach an independent decision based on a preponderance of the evidence.' "  *Id.* (quoting *Dallas Indep. Sch. Dist. v. Woody*, 865 F.3d 303, 309 (5th Cir. 2017)) (alteration omitted); *see also* 20 U.S.C. § 1415(i)(2)(c)(iii).  But this "provision that a reviewing court base its decision on the 'preponderance of the evidence' is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review."  *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cty. v. Rowley*, 458 U.S. 176, 206, 102 S. Ct. 3034, 3051, 73 L. Ed. 2d 690 (1982); *see also E.M. v. Lewisville Indep. Sch. Dist.*, No. 4:15-CV-00564, 2018 WL 1510668, at *5 (E.D. Tex. Mar. 27, 2018), *aff'd sub nom. E.M. by S.M. v. Lewisville Indep. Sch. Dist.*, 763 F. App'x 361 (5th Cir. 2019).

## I.     First Objection

Plaintiffs first object that the Magistrate Judge improperly applied the IDEA standard of review.  Docket No. 43 at 4–8.  Specifically, Plaintiffs argue the Magistrate Judge fails to hold Northwest ISD to the correct "modified *de novo* review" standard, affording excessive deference to the SEHO decision, because (1) the Magistrate Judge deferred to "teachers' bare and blind assertions . . . despite documentary evidence to the contrary"; and (2) the Magistrate Judge failed

to hold Northwest ISD to its burden to prove the Full Individual and Initial Evaluation ("FIE") "was appropriate and that the IEE was not appropriate." *Id.*  Northwest ISD responds that the Magistrate Judge applied the correct "virtually *de novo*" standard, as (1) Plaintiffs point to out-of-context portions of the Report and Recommendation, including the section discussing a professional disagreement; and (2) Plaintiffs "blatantly misrepresent the IDEA's implementing regulations" regarding the appropriateness of the FIE and IEE.  Docket No. 44 at 2–5.

In advancing the Magistrate Judge's purported reliance on "teachers' bare and blind assertions, despite documentary evidence to the contrary," Plaintiffs argue the Magistrate Judge dismissed the "issue of the FIE's deficiencies as 'nothing more than a professional disagreement.' " Docket No. 42 at 28–29.  But such assertion takes the statement out-of-context. The Magistrate Judge's reference is narrow: in addressing each of the Plaintiffs' arguments that the FIE lacked sufficient data, the Magistrate Judge noted that the record reflects a professional disagreement as to whether administering the CARS-2 over the ADOS-2 was most appropriate for P.H. at that time.  AR 237–38, 959–60, 962, 979.  And reexamining that point, the Court agrees that although Plaintiffs argue Northwest ISD should have administered the ADOS-2 again, the manual states that the ADOS-2 should not be administered within one year of the original administration date.  AR 706–07.  The evaluation Plaintiffs point to was conducted approximately eight months after the original ADOS-2 was administered.  AR 198–99, 207, 209, 448.  The Magistrate Judge appropriately found this specific argument unavailing.

In further support of their argument that the Magistrate Judge provided excessive deference, Plaintiffs argue Northwest ISD, "as the petitioning party first had the burden to prove that it's [sic] FIE was appropriate *and* that the [privately funded] IEE was not appropriate"—a standard the Report failed to hold Northwest ISD to.  Docket No. 43 at 7 (emphasis added).

Specifically, Plaintiffs complain about the Magistrate Judge's conclusion that "the SEHO did not err by failing to address the appropriateness of the IEE because there is no such requirement under the IDEA."  Docket No. 42 at 34.

The applicable regulation states in relevant part:

If a parent requests an independent educational evaluation at public expense, the public agency must, without unnecessary delay, *either*—

(i) File a due process complaint to request a hearing to show that its evaluation is appropriate; *or*

(ii) Ensure that an independent educational evaluation is provided at public expense, unless the agency demonstrates in a hearing pursuant to §§ 300.507 through 300.513 that the evaluation obtained by the parent did not meet agency criteria.

34 C.F.R. § 300.502(b)(2) (emphasis added).  Here, Northwest ISD requested a hearing to show that its evaluation was appropriate.  As the Magistrate Judge noted, the regulation includes "or" (making the regulation disjunctive) rather than "and."  Thus, the plain language does not require Northwest ISD to prove the FIE was appropriate *and* that the IEE was not appropriate.  The case Plaintiffs cite only further supports this conclusion.  *See Cobb Cty. Sch. Dist. v. D.B. ex rel. G.S.B.*, No. 1:14-CV-02794-RWS, 2015 WL 5691136, at *6 (N.D. Ga. Sept. 28, 2015) ("At such a due process hearing [under 34 C.F.R. § 300.502(b)(2)(i)], the school district has the burden of proof to show that its assessment is adequate.").

Incorporating by reference their Motion for Judgment on the Administrative Record, Plaintiffs next urge the Magistrate Judge "relied upon broad, sweeping, unsupported opinions of NWISD teachers" rather than consider the "numerous extrinsic documentary examples of P.H.'s behaviors which indicted abnormal responses[.]"  Docket No. 43 at 7–8.  Northwest ISD, in response, asserts the Magistrate Judge appropriately addressed Plaintiffs' arguments, including by

noting certain of the evidence upon which Plaintiffs relies postdates completion of the FIE.  Docket No. 44 at 5–6.

To this point, Plaintiffs' briefing before the Magistrate Judge points to P.H.'s "tardy log" and the Section 504 team's findings.  Docket No. 28 at 18–19.  But P.H. was only late on two occasions that were, at best, related to anxiety and before Northwest ISD completed the November 2018 FIE.  AR 607–19.  The Section 504 team's findings from December 2018 were one month after the November 2018 FIE.  AR 511, 931–33.  And the referenced IEE occurred six months after the FIE.  As the Fifth Circuit has instructed, a court cannot "judge a school district's determination [regarding eligibility for special education services] in hindsight."  *Lisa M.*, 924 F.3d at 214 (quoting *D. L. by & through J.L. v. Clear Creek Indep. Sch. Dist.*, 695 F. App'x 733, 738 (5th Cir. 2017) (per curiam)).  Moreover, it is clear that the Magistrate Judge, at length, examined more than just the teachers' opinions.  For example, the Magistrate Judge substantively examined multiple systems employed by Northwest ISD, observations of P.H. in various school settings and P.H.'s classroom performance.  Docket No. 42 at 25–34.  As Northwest ISD points out, "Plaintiffs do not actually articulate for the Court how the Magistrate Judge erred in this regard[.]"  Docket No. 44 at 6.  Thus, Plaintiffs' objection is overruled.

## II.    Second Objection

Plaintiffs' second objection concerns the purported misuse of a statement of law; specifically, Plaintiffs advance that the Magistrate Judge erroneously references the phrase "better system" from the *Amanda P.* case out of the Western District of Texas in analyzing Plaintiffs' arguments.  Docket No. 43 at 8–11.  Plaintiffs advance that *Amanda P.* is not analogous to the instant cause.  *Id.*  Northwest ISD responds by stating the Magistrate Judge's "better system" reference merely followed and complimented the discussion of professional disagreement between

Northwest ISD's licensed specialist in school psychology ("LSSP") and Plaintiffs' LSSP.  Docket No. 44 at 7–8.

Following the Magistrate Judge's discussion of the LSSP's decision to administer the CARS-2 over the ADOS-2, the Magistrate Judge cited *Amanda P.* for the concept that the Court must determine whether Northwest ISD "ultimately violated the IDEA, not to assess whether a better system exists." *Amanda P. v. Copperas Cove Indep. Sch. Dist.*, No. 6:19-CV-00197-ADA, 2020 WL 1866876, at *6 (W.D. Tex. Apr. 14, 2020) (citing *Rowley*, 458 U.S. at 206).  The Magistrate Judge went on to "decline to substitute its own notion of educational policy and procedures in light of this professional agreement" between the two LSSPs.  Docket No. 42 at 29.  Notably, *Amanda P.*, in turn, cited to *Rowley*, in which the Supreme Court clarified that the "preponderance of the evidence" standard "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Rowley*, 458 U.S. at 206.  The Magistrate Judge with this reference did not reframe the parties' arguments.  While Plaintiffs attempt to distinguish *Amanda P.* on factual grounds, the general principle expounded by the Supreme Court for cases under the IDEA still stands.  Accordingly, Plaintiffs' objection is overruled.

## III.   Third Objection

Plaintiffs further object because the Magistrate Judge improperly reads "suspected disability" as not including "child with a disability" eligibility categories.  Docket No. 43 at 11–13.  Plaintiffs argue the Report "gut[s] the IDEA" and this "Court cannot adopt a rule that would exempt school districts from assessing suspected disabilities that are included in the IDEA's list of qualifying disabilities." *Id.* at 13.  Northwest ISD disagrees, noting "the Magistrate Judge

correctly determined the IDEA requires school districts to assess students in all areas of suspected disabilities—not eligibility categories."  Docket No. 44 at 8–10.

The Magistrate Judge, addressing Plaintiffs' invitation to read "suspected disability" as synonymous with "a child with a disability" under the IDEA, concluded "such an interpretation is unreasonable for at least three reasons."  Docket No. 42 at 23–24.  This includes the absence of any cross reference between the provisions in the IDEA, the examples of "suspected disability" under the federal regulations and the reality that "not every disability necessarily falls within the scope of the IDEA."  *Id.*  The Magistrate Judge then noted "Plaintiffs provide no authority or applicable canons of construction warranting a different reading of the IDEA."  *Id.* at 24.  Thus, Northwest ISD "did not have a duty under the IDEA to specifically assess P.H. for ED or [other health impairments ("OHI")]."  Instead, Northwest ISD "had a duty to evaluate P.H. for any 'suspected disability' " under 20 U.S.C. § 1414(b)(3)(B).  *Id.*

Plaintiffs, in opposition, now argue "the IDEA creates a relatively low threshold for suspicion of a disability—essentially any disability—which aids the potential future inquiry of whether a disability is eligible under the IDEA."  Docket No. 43 at 11.  But this does not address the core conclusion of the Magistrate Judge's recommendation: "suspected disability" is distinct from "child with a disability."  The IDEA requires a school district to assess a child "in all areas of suspected disability."  20 U.S.C. § 1414(b)(3)(B).  The IDEA does not define "suspected disability."  It does, by contrast, define "child with a disability" as including a child with a "serious emotional disturbance" or "other health impairments."  20 U.S.C. § 1401(3)(A); *see also* 34 C.F.R. § 300.8 (defining "child with a disability" as including ED and OHI).  These examples—ED and OHI—are "qualifying disabilities," or eligibility categories.  *See Lisa M.*, 924 F.3d at 215.  So while Northwest ISD is tasked with assessing a child "in all areas of suspected disability," 20

U.S.C. § 1414(b)(3)(B), it is the Admission, Review, and Dismissal committee that ultimately "determines whether the child is a child with a disability"—that is, whether the "suspected disability" falls within a statutorily delineated "qualifying disability."  *See* 34 C.F.R. § 300.306; 19 TEX. ADMIN. CODE § 89.1050 (defining the committee who conducts a FIE under Texas law as the "admission, review, and dismissal (ARD) committee").

Plaintiffs further cite *Jones-Herrion v. District of Columbia*, arguing the Magistrate Judge withheld or omitted from a parenthetical in the Report and Recommendation a sentence from the relevant finding of such case.  Docket No. 43 at 12.  The Magistrate Judge cites *Jones-Herrion* when concluding "suspected disability" and a "child with a disability" are properly read as distinct.  Docket No. 42 at 24.  More specifically, Plaintiffs urge the Magistrate Judge unreasonably omitted the final sentence from the below excerpt of *Jones-Herrion*:

> The process [under IDEA] kicks off when the "local education agency," in this case DCPS, performs an "initial evaluation" to determine if a child has a *qualifying disability*.  *Id.* § 1414(a)(1).  In conducting the evaluation, DCPS must use "a variety of assessment tools and strategies to gather relevant functional, developmental, and academic information," and the child must be assessed "in all areas of *suspected disability*."  *Id.* § 1414(b).  No "single measure or assessment" may be used "as the sole criterion for determining whether a child is a *child with a disability*."  *Id.*

*Jones-Herrion v. District of Columbia*, No. 18-2828 (RMC), 2019 WL 5086693, at *1 (D.D.C. Oct. 10, 2019) (emphasis added).  This omission does not change the analysis.  As part of the FIE, a child must be assessed in all areas of "suspected disability," which helps determine if a child has a qualifying disability under the IDEA.  The Admission, Review, and Dismissal committee, as explained, is still tasked with separately "determin[ing] whether the child is a child with a disability[.]"  *See* 34 C.F.R. § 300.306.  Plaintiffs' objection is overruled.

IV.      **Fourth Objection**

Finally, Plaintiffs argue the Magistrate Judge improperly concluded there was little reason to suspect P.H. might be a student with an ED.  Docket No. 43 at 6, 13–15.  Plaintiffs point to P.H.'s attendance records, staff's observations, parent's self-report and lack of psychological or counseling evaluations, as well as evaluations from Dr. Laura Sanders and Dr. Jennifer Morrison. *Id.* at 8, 13–14.  Plaintiffs relatedly argue the Magistrate Judge improperly concluded P.H.'s absences do "not rise to the level of showing a genuine emotional disturbance" and do "not demonstrate a causal relationship between P.H.'s emotional functioning and his attendance."  *Id.* at 14–15.  Northwest ISD views it differently.  It advances that Plaintiffs' argument is "based on the erroneous position that [Northwest ISD] had to assess P.H. for the ED eligibility category." Docket No. 44 at 10.  Nonetheless, Northwest ISD addresses Plaintiffs' citations to the record, noting (1) only two of P.H.'s "tardies allegedly related to P.H.'s anxiety"; (2) it assessed P.H. for anxiety; (3) P.H. did not exhibit behavioral problems or any signs of anxiety in the school setting; and (4) Plaintiffs overstate the content of the evaluation by Dr. Sanders.  *Id.* at 7, 10–12.

As the Court previously detailed, Northwest ISD was not obligated to evaluate P.H. for an ED, and only two of P.H.'s absences in the "tardy log" were, at best, related to anxiety and before Northwest ISD completed the November 2018 FIE.  AR 607–19.  While Plaintiffs take issue with the Magistrate Judge's conclusion that these absences do "not rise to the level of showing a genuine emotional disturbance," the Magistrate Judge was merely explaining based upon a review of the record that the absences have no connection to the alleged ED.  Docket No. 42 at 32 n.16.  Next, as Northwest ISD explains, Plaintiffs conceded during the due process hearing that Northwest ISD evaluated P.H. for anxiety.  AR 676.  This is consistent with the FIE, which assessed P.H. for anxiety and concluded there was no additional assessment required.  AR 212, 215, 784–85, 789–

90, 792, 804.  Indeed, the Magistrate Judge detailed at length P.H.'s lack of behavior problems of anxiety in the school setting.  Docket No. 42 at 29–33.  The administrative record includes numerous examples of P.H. displaying normal behavior comparable to other children around his age in the academic setting, including functioning well in the classroom.  AR 230, 511, 697, 717–18, 721, 731–32, 757–61, 764–65, 767, 772, 787, 820, 931–33.

Plaintiffs, by contrast, point to P.H.'s fear of unexpected noises, struggles with change, fidgeting and "near-constant redirection," as well as Dr. Sanders and Dr. Morrison's findings. Docket No. 43 at 8, 14.  Dr. Laura Sanders and Dr. Jennifer Morrison both diagnosed P.H. with anxiety-related disorders.  AR 462; Docket No. 21-1 at 20.  But once again, as the Magistrate Judge explained in detail, P.H. was not observed in the school setting with these same behaviors, Docket No. 42 at 27–31, and the record indisputably reflects Northwest ISD did evaluate P.H. for anxiety.  AR 212, 215, 676, 784–85, 789–90, 792, 804.  Lastly, while Plaintiffs argue that Northwest ISD failed "to conduct any psychological or counseling evaluation" to find the root of P.H.'s anxiety, Plaintiffs fail to articulate how the Magistrate Judge erred in this regard. Accordingly, Plaintiffs' final objection is overruled.

In sum, Plaintiffs fail to carry their burden to establish the SEHO erred.  *See Seth B. ex rel. Donald B. v. Orleans Parish Sch. Bd.*, 810 F.3d 961, 972 (5th Cir. 2016).

## CONCLUSION

Having conducted a *de novo* review, the Court is of the opinion that Northwest ISD's Motion for Judgment on the Administrative Record is meritorious whereas Plaintiffs' Motion for Judgment on the Administrative Record is without merit.  The Court further finds Plaintiffs' objections are without merit and **OVERRULES** each one.  The Court is also of the opinion that the findings and conclusions of the Magistrate Judge are correct.  The Court hereby **ADOPTS** the

Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court.  Accordingly, it is

      **ORDERED** that Plaintiffs' Opposed Motion to Supplement the Administrative Record (Docket No. 20) is **DENIED WITHOUT PREJUDICE**.  It is further

      **ORDERED** that Plaintiffs' Motion for Judgment on the Administrative Record (Docket No. 28) is **DENIED**.  It is further

      **ORDERED** that Northwest ISD's Motion for Judgment on the Administrative Record (Docket No. 29) is **GRANTED**.  The decision of the SEHO is **AFFIRMED**, and Plaintiffs' suit is **DISMISSED WITH PREJUDICE**.

      **So ORDERED and SIGNED this 26th day of March, 2021.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE